(No. 83-CC-260

WILLIAM HOLLAND, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 27, 1984.*

WILLIAM HOLLAND, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (ROBERT J. SKLAMBERG, Assistant Attorney General, of counsel), for Respondent.

Roe, C.J.

This cause coming on to be heard on the stipulation of Respondent, due notice having been given the Claimant and the Court being fully advised in the premises. The Court finds:

That this claim is for salary due Claimant. The appropriations, by line items, out of which this would have been paid are as follows: 488-55201-1120-0000-83, 488-55201-1161-0000-83, and 488-55201-1170-0000-83.

Claimant is seeking a lump-sum payment of his accrued vacation days. He was the executive director of the Illinois Law Enforcement Commission at the time of its abolition by the legislature on March 31, 1983. On that date Claimant had 24½ accrued vacation days, or a monetary total of $4,318.76.

Claimant was then transferred to the Illinois Bureau of Employment Security on May 10, 1983. Thus, Claimant had transferred from a position not subject to the Personnel Code (Ill. Rev. Stat. 1981, ch. 127, par. 63b101 *et seq.*) to a position subject to the Code.

At that time, Claimant sought a lump-sum payment of his accrued vacation days. He made this election in accordance with section 14(a) of the Personnel Code (Ill. Rev. Stat. 1981, ch. 127, par. 150a), which provides that; ". . . upon the movement of a State employee . . . to a position subject to the Personnel Code from a State position not subject to the Personnel Code . . . his accrued vacation and overtime shall be either payable in a single lump sum payment, or . . . credited to the employee's account . . ."

It is thus apparent that Claimant's election to receive a lump-sum payment of accrued vacation days

was in accordance with applicable law. However, he did not receive such payment because no funds existed in the line item appropriations due to the abolition of the Law Enforcement Commission.

We believe this matter is within the purview of section 30 of the Finance Act (Ill. Rev. Stat. 1981, ch. 127, par. 166), which prohibits a State commission from obligating the State in an amount in excess of the money appropriated, *unless expressly authorized by law.* We find that Claimant's election to receive a lump-sum accrued vacation payment was expressly authorized by the Personnel Code, and that Respondent, therefore, remains obligated to pay Claimant's accrued vacation days through March 31, 1983.

It is therefore ordered that Claimant be, and hereby is, awarded four thousand three hundred eighteen dollars and seventy-six cents ($4,318.76).

APPENDIX A (10% State general rev.)

Identification of State Contributions and Deductions from Back Salary Award.

To the State Employees' Retirement System

| | |
|---|---|
| Employee's contribution to State Employees' Retirement System | .00 |
| Employee's contribution to FICA | .00 |
| State's contribution to State Employees' Retirement System | 23.97 |
| State's contribution to FICA | .00 |

To Illinois State Treasurer to be remitted to Internal Revenue Service:

| | |
|---|---|
| Claimant's Federal income tax | 86.38 |

To Illinois Department:

    Claimant's Illinois income tax        15.12

To the Claimant:

    Net Salary        330.38

Total award $455.85

## APPENDIX A (90% Federal funds)

Identification of State Contributions and Deductions from Back Salary Award.

To the State Employees' Retirement System

    Employee's contribution to State
Employees' Retirement System        .00

    Employee's contribution to FICA        .00

    State's contribution to State
Employees' Retirement System        215.72

    State's contribution to FICA        .00

To Illinois State Treasurer to be remitted to Internal Revenue Service:

    Claimant's Federal income tax        777.37

To Illinois Department:

    Claimant's Illinois income tax        136.04

To the Claimant:

    Net Salary        2973.47

Total award $4102.60